Attorney No. 38118

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

HELEN CHAPMAN and )
ROBERT CHAPMAN, residents of )
Cook County, Illinois, )
)
      Plaintiffs, )
)
      v. ) NO.
) JURY TRIAL DEMANDED
NUHN INDUSTRIES LTD, )
a foreign corporation, ) IN EXCESS OF $50,000
JOHN T. FEENEY, individually and as )
an employee agent and/or servant of )
NUHN INDUSTRIES LTD, and )
NANCY SAMARDZIC, a resident of )
Cook County, Illinois, )
)
      Defendants. )

## COMPLAINT AT LAW

### Count I - Willful & Wanton – NUHN INDUSTRIES LTD

NOW COMES HELEN CHAPMAN (hereinafter "Helen"), by counsel KENNETH J. ALLEN LAW GROUP, LLC, and for Count I of her Complaint at Law against NUHN INDUSTRIES LTD (hereinafter "NUHN") alleges and states as follows:

1.   At all times relevant herein, NUHN was and is an interstate motor carrier operating within the State of Illinois.

2.   At all times relevant herein, John T. Feeney (hereinafter, "Freeney"), was a professional truck driver operating a commercial tractor-trailer within Cook County,



Illinois.

3.     On February 17, 2016, Helen was driving a 2013 Honda Accord in the right lane, westbound on Interstate 80 at Harlem Avenue in Cook County, Illinois.

4.     On February 17, 2016 Feeney was operating a 2015 International Prostar (hereinafter, "International") westbound on Interstate 80 at Harlem Avenue in Cook County, Illinois.

5.     On February 17, 2016, Feeney was operating under NUHN's motor carrier operating authority and displaying its logo and U.S. DOT number 757899.

6.     On and before February 17, 2016, NUHN was subject to the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSRs") and owed Helen and others on the roadway a duty to use reasonable care in the inspection, maintenance and repair of the International, and in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

7.     At all times relevant herein, there was in full force and effect in the State of Illinois a statute incorporating by reference, *inter alia*, Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs. 625 ILCS 5/18b-105.

8.     On February 17, 2016, NUHN breached the foregoing duties and was willful and wanton in one or more of the following respects, *inter alia*:

   (A)     NUHN did not systematically inspect, repair and maintain said
           International subject to its control in violation of Part 396 of the FMCSRs;

2

(B)   NUHN did not cause the International subject to its control to be systematically inspected, repaired and maintained in violation of Part 396 of the FMCSRs;

(C)   NUHN did not obtain Feeney's complete application for employment in violation of Part 391 of the FMCSRs;

(D)   NUHN did not require Feeney to comply with the duties and prohibitions of driver regulations in violation of Part 390 of the FMCSRs;

(E)   NUHN encouraged Feeney to violate the FMCSRs in violation of Part 390 of the FMCSRs;

(F)   NUHN did not maintain records and documents as required under Part 390 of the FMCSRs;

(G)   NUHN improperly maintained records and documents in violation of Part 390 of the FMCSRs;

(H)   NUHN did not maintain a complete driver's qualification file for Feeney in violation of Part 391of the FMCSRs;

(I)   NUHN improperly maintained a driver's qualification file for Feeney in violation of Part 391 of the FMCSRs;

(J)   NUHN required Feeney to operate its International, while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FMCSRs;

(K)   NUHN did not adequately train Feeney when reasonable training would have equipped Feeney with the knowledge and skill to operate and maintain the International in a reasonably prudent manner in violation of Part 391 of the FMCSRs;

(L)   NUHN did not train Feeney on defensive driving techniques, including proper space management and lane usage;

3

(M)     NUHN did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FMCSRs;

(N)     NUHN operated without adequate safety management controls;

(O)     NUHN aided and abetted Feeney's violations of the FMCSRs; and/or

(P)     NUHN failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs.

9.     As a direct and proximate result of NUHN's willfulness and wantonness, its International crashed into Helen's car with great force and violence.

10.     As a direct and proximate result of the foregoing collision, Helen sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; damage to her personal property; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, HELEN CHAPMAN, respectfully requests a judgment in her favor against defendant, NUHN INDUSTRIES LTD, the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

4

Count II - *Respondeat Superior* – NUHN INDUSTRIES LTD

NOW COMES HELEN CHAPMAN (hereinafter "Helen"), by counsel KENNETH J. ALLEN LAW GROUP, LLC, and for Count II of her Complaint against NUHN INDUSTRIES LTD (hereinafter "NUHN") alleges and states as follows:

1.    At all times relevant herein, John T. Feeney (hereinafter "Feeney") was a professional truck driver operating a commercial tractor-trailer within Cook County, Illinois.

2.    On February 17, 2016, Helen was driving a 2013 Honda Accord, in the right lane, westbound on Interstate 80 at Harlem Avenue in Cook County, Illinois.

3.    On February 17, 2016, Feeney was operating a 2015 International Prostar (hereinafter, "International") westbound on Interstate 80 at Harlem Avenue in Cook County, Illinois.

4.    On and before February 17, 2016, Feeney was subject to the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSR's) and owed Helen and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair, and operation of the International he was operating.

5.    On February 17, 2016, Feeney breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

(A)    Feeney drove his International at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

(B)    Feeney failed to keep a proper lookout for other vehicles upon the roadway;

(C)    Feeney failed to see and observe the vehicles to his front and his side, when they could and should have been seen and observed;

(D)    Feeney failed to maintain control over his International so as to avoid colliding with other vehicles;

(E)    Feeney followed the vehicles in front of him more closely than was reasonable and prudent, having due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

(F)    Feeney failed to timely apply his brakes;

(G)    Feeney failed to take evasive maneuvers to avoid a collision;

(H)    Feeney attempted lane movements without first ascertaining whether such movements could be made safely, in violation of 625 ILCS 5/11-709;

(I)    Feeney failed to decrease the speed of his International so as to avoid colliding with the vehicles in front of him; and/or

(J)    Feeney failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances.

6.    As a direct and proximate result of Feeney's negligence, his International crashed into Helen's car with great force and violence.

7.    As a direct and proximate result of the foregoing collision, Helen sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will

6

suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; damage to her personal property; and sustained other injuries and damages of a personal and pecuniary nature.

8.     At the time of the foregoing collision on February 17, 2016 and at all relevant times herein, Feeney was subject to NUHN's control, acting pursuant to its directions and commands, and utilizing NUHN's operating authority and equipment, including the International displaying NUHN's logos, for NUHN's pecuniary benefit. NUHN is therefore vicariously liable for Feeney's negligence.

WHEREFORE, Plaintiff, HELEN CHAPMAN, respectfully requests a judgment in her favor against defendant, NUHN INDUSTRIES LTD, the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### Count III - Negligence – JOHN T. FREENEY

NOW COMES HELEN CHAPMAN (hereinafter "Helen"), by counsel KENNETH J. ALLEN LAW GROUP, LLC, and for Count III of her Complaint against JOHN T. FEENEY (hereinafter, "Feeney") alleges and states as follows:

1.     At all times relevant herein, Feeney was a professional truck driver operating a commercial tractor-trailer within Cook County, Illinois.

2.     On February 17, 2016, Helen was driving a 2013 Honda Accord, in the right

7

lane, westbound on Interstate 80 at Harlem Avenue in Cook County, Illinois.

    3.    On February 17, 2016 Feeney was operating a 2015 International Prostar (hereinafter "International") westbound on Interstate 80 at Harlem Avenue in Cook County, Illinois.

    4.    On and before February 17, 2016, Feeney was subject to the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSR's) and owed Helen and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair, and operation of the International he was operating.

    5.    On February 17, 2016, Feeney breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

    (A)    Feeney drove his International at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

    (B)    Feeney failed to keep a proper lookout for other vehicles upon the roadway;

    (C)    Feeney failed to see and observe the vehicles to his front and side, when they could and should have been seen and observed;

    (D)    Feeney failed to maintain control over his International so as to avoid colliding with other vehicles;

    (E)    Feeney followed the vehicles in front of him more closely than was reasonable and prudent, having due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

    (F)    Feeney failed to timely apply his brakes;

(G)    Feeney failed to take evasive maneuvers to avoid a collision;

(H)    Feeney attempted lane movements without first ascertaining whether such movements could be made safely, in violation of 625 ILCS 5/11-709;

(I)    Feeney failed to decrease the speed of his International so as to avoid colliding with the vehicles in front of him; and/or

(J)    Feeney failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances.

6.    As a direct and proximate result of Feeney's negligence, his International crashed into Helen's car with great force and violence.

7.    As a direct and proximate result of the foregoing collision, Helen sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; damage to her personal property; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, HELEN CHAPMAN, respectfully requests a judgment in her favor against Defendant, JOHN T. FEENEY , the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

9

**Count IV - Willful & Wanton/Loss of Consortium – NUHN INDUSTRIES LTD**

NOW COMES ROBERT CHAPMAN (hereinafter, "Robert"), by counsel KENNETH J. ALLEN LAW GROUP, LLC, and for Count IV of his Complaint at Law against NUHN INDUSTRIES LTD (hereinafter "NUHN") alleges and states as follows:

1.    At all times relevant herein, NUHN was and is an interstate motor carrier operating within the State of Illinois.

2.    At all times relevant herein, John T. Feeney (hereinafter, "Freeney"), was a professional truck driver operating a commercial tractor-trailer within Cook County, Illinois.

3.    On February 17, 2016, Helen Chapman (hereinafter, "Helen") was driving a 2013 Honda Accord in the right lane, westbound on Interstate 80 at Harlem Avenue in Cook County, Illinois.

4.    On February 17, 2016, Feeney was operating a 2015 International Prostar (hereinafter, "International") westbound on Interstate 80 at Harlem Avenue in Cook County, Illinois.

5.    On February 17, 2016, Feeney was operating under NUHN's motor carrier operating authority and displaying its logo and U.S. DOT number 757899.

6.    On and before February 17, 2016, NUHN was subject to the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSRs") and owed Helen and others on the

10

roadway a duty to use reasonable care in the inspection, maintenance and repair of the International, and in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

7.     At all times relevant herein, there was in full force and effect in the State of Illinois a statute incorporating by reference, *inter alia*, Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs. 625 ILCS 5/18b-105.

8.     On February 17, 2016, NUHN breached the foregoing duties and was willful and wanton in one or more of the following respects, *inter alia*:

(A)     NUHN did not systematically inspect, repair and maintain said International subject to its control in violation of Part 396 of the FMCSRs;

(B)     NUHN did not cause the International subject to its control to be systematically inspected, repaired and maintained in violation of Part 396 of the FMCSRs;

(C)     NUHN did not obtain Feeney's complete application for employment in violation of Part 391 of the FMCSRs;

(D)     NUHN did not require Feeney to comply with the duties and prohibitions of driver regulations in violation of Part 390 of the FMCSRs;

(E)     NUHN encouraged Feeney to violate the FMCSRs in violation of Part 390 of the FMCSRs;

(F)     NUHN did not maintain records and documents as required under Part 390 of the FMCSRs;

(G)     NUHN improperly maintained records and documents in violation of Part 390 of the FMCSRs;

11

(H)    NUHN did not maintain a complete driver's qualification file for Feeney in violation of Part 391of the FMCSRs;

(I)    NUHN improperly maintained a driver's qualification file for Feeney in violation of Part 391 of the FMCSRs;

(J)    NUHN required Feeney to operate its International, while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FMCSRs;

(K)    NUHN did not adequately train Feeney when reasonable training would have equipped Feeney with the knowledge and skill to operate and maintain the International in a reasonably prudent manner in violation of Part 391 of the FMCSRs;

(L)    NUHN did not train Feeney on defensive driving techniques, including proper space management and lane usage;

(M)    NUHN did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FMCSRs;

(N)    NUHN operated without adequate safety management controls;

(O)    NUHN aided and abetted Feeney's violations of the FMCSRs; and/or

(P)    NUHN failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs.

9.    As a direct and proximate result of NUHN's willfulness and wantonness, its International crashed into Helen's car with great force and violence.

10.    As a direct and proximate result of the foregoing collision, Helen sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital,

12

diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; damage to her personal property; and sustained other injuries and damages of a personal and pecuniary nature.

11.     At all times relevant herein, Robert and Helen were and are husband and wife, respectively.

12.     As a direct and proximate result of Defendant's aforesaid conduct and Helen's proximately resulting injuries, Robert has been deprived of a portion of Helen's love, companionship, consortium, and/or other services, which she had ably provided prior to February 17, 2016.

WHEREFORE, Plaintiff, ROBERT CHAPMAN, respectfully requests a judgment in his favor against defendant, NUHN INDUSTRIES LTD, the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### Count V - *Respondeat Superior*/Loss of Consortium - NUHN INDUSTRIES LTD

NOW COMES ROBERT CHAPMAN (hereinafter "Robert"), by counsel KENNETH J. ALLEN LAW GROUP, LLC, and for Count V of his Complaint against NUHN INDUSTRIES LTD (hereinafter "NUHN") alleges and states as follows:

1.    At all times relevant herein, John T. Feeney (herein "Feeney") was a professional truck driver operating a commercial tractor-trailer within Cook County, Illinois.

2.    On February 17, 2016, Helen Chapman (hereinafter, "Helen") was driving a 2013 Honda Accord, in the right lane, westbound on Interstate 80 at Harlem Avenue in Cook County, Illinois.

3.    On February 17, 2016, Feeney was operating a 2015 International Prostar (hereinafter, "International") westbound on Interstate 80 at Harlem Avenue in Cook County, Illinois.

4.    On and before February 17, 2016, Feeney was subject to the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSR's) and owed Helen and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair, and operation of the International he was operating.

5.    On February 17, 2016, Feeney breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

  (A)    Feeney drove his International at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

  (B)    Feeney failed to keep a proper lookout for other vehicles upon the roadway;

  (C)    Feeney failed to see and observe the vehicles to his front and his side, when they could and should have been seen and observed;

(D)    Feeney failed to maintain control over his International so as to avoid colliding with other vehicles;

(E)    Feeney followed the vehicles in front of him more closely than was reasonable and prudent, having due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

(F)    Feeney failed to timely apply his brakes;

(G)    Feeney failed to take evasive maneuvers to avoid a collision;

(H)    Feeney attempted lane movements without first ascertaining whether such movements could be made safely, in violation of 625 ILCS 5/11-709;

(I)    Feeney failed to decrease the speed of his International so as to avoid colliding with the vehicles in front of him; and/or

(J)    Feeney failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances.

6.    As a direct and proximate result of Feeney' negligence, his International crashed into Helen's car with great force and violence.

7.    As a direct and proximate result of the foregoing collision, Helen sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; damage to her personal property; and sustained other injuries and damages of a personal and pecuniary

15

nature.

8.     At the time of the foregoing collision on February 17, 2016 and at all relevant times herein, Feeney was subject to NUHN's control, acting pursuant to its directions and commands, and utilizing NUHN's operating authority and equipment, including the International displaying NUHN's logos, for NUHN's pecuniary benefit. NUHN is therefore vicariously liable for Feeney's negligence.

9.     At all times relevant herein, Robert and Helen were and are husband and wife, respectively.

10.     As a direct and proximate result of Defendant's aforesaid conduct and Helen's proximately resulting injuries, Robert has been deprived of a portion of Helen's love, companionship, consortium, and/or other services, which she had ably provided prior to February 17, 2016.

WHEREFORE, Plaintiff, ROBERT CHAPMAN, respectfully requests a judgment in his favor against defendant, NUHN INDUSTRIES LTD, the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### Count VI – Negligence/Loss of Consortium – JOHN T. FREENEY

NOW COMES ROBERT CHAPMAN (hereinafter "Robert"), by counsel KENNETH J. ALLEN LAW GROUP, LLC, and for Count VI of his Complaint against JOHN T. FEENEY (hereinafter "Feeney") alleges and states as follows:

1.     At all times relevant herein, Feeney was a professional truck driver operating a commercial tractor-trailer within Cook County, Illinois.

2.     On February 17, 2016, Helen Chapman (hereinafter, "Helen") was driving a 2013 Honda Accord, in the right lane, westbound on Interstate 80 at Harlem Avenue in Cook County, Illinois.

3.     On February 17, 2016, Feeney was operating a 2015 International Prostar (hereinafter, "International") westbound on Interstate 80 at Harlem Avenue in Cook County, Illinois.

4.     On and before February 17, 2016, Feeney was subject to the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSR's) and owed Helen and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair, and operation of the International he was operating.

5.     On February 17, 2016, Feeney breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

(A)     Feeney drove his International at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

(B)     Feeney failed to keep a proper lookout for other vehicles upon the roadway;

(C)     Feeney failed to see and observe the vehicles to his front and side, when they could and should have been seen and observed;

(D)     Feeney failed to maintain control over his International so as to avoid colliding with other vehicles;

(E)     Feeney followed the vehicles in front of him more closely than was reasonable and prudent, having due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

(F)     Feeney failed to timely apply his brakes;

(G)     Feeney failed to take evasive maneuvers to avoid a collision;

(H)     Feeney attempted lane movements without first ascertaining whether such movements could be made safely, in violation of 625 ILCS 5/11-709;

(I)     Feeney failed to decrease the speed of his International so as to avoid colliding with the vehicles in front of him; and/or

(J)     Feeney failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances.

6.     As a direct and proximate result of Feeney's negligence, his International crashed into Helen's car with great force and violence.

7.     As a direct and proximate result of the foregoing collision, Helen sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; damage to her personal property; and sustained other injuries and damages of a personal and pecuniary nature.

18

8.      At all times relevant herein, Robert and Helen were and are husband and wife, respectively.

9.      As a direct and proximate result of Defendant's aforesaid conduct and Helen's proximately resulting injuries, Robert has been deprived of a portion of Helen's love, companionship, consortium, and/or other services, which she had ably provided prior to February 17, 2016.

WHEREFORE, Plaintiff, ROBERT CHAPMAN, respectfully requests a judgment in his favor against Defendant, JOHN T. FEENEY, the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### Count VII – Helen Chapman -- Samardzic

Plaintiff, HELEN CHAPMAN (hereinafter "Helen"), by counsel, KENNETH J. ALLEN LAW GROUP, LLC, for Count VII of her Complaint against Defendant, NANCY SAMARDZIC (hereinafter, "Samardzic") alleges and states as follows:

1.      At all times relevant herein, Samardzic was, and is, a resident of Chicago, Cook County, Illinois.

2.      On February 17, 2016, Samardzic was operating a 2015 Toyota Corolla westbound on Interstate 80 at Harlem Avenue in Cook County, Illinois.

3.      On February 17, 2016, Helen was operating a 2013 Honda Accord westbound on Interstate 80 at Harlem Avenue in Cook County, Illinois.

19

4.      On February 17, 2016, Samardzic owed Helen and others on the roadway, a duty to use reasonable care in the inspection, maintenance, repair, and operation of the vehicle she was operating so as to avoid causing injury and harm.

5.      On February 17, 2016, Samardzic breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

(A)     Samardzic failed to keep and maintain a proper lookout for others;

(B)     Samardzic operated her vehicle at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601(a);

(C)     Samardzic failed to decrease the speed of her vehicle when circumstances required she do so, in violation of 625 ILCS 5/11-601(a);

(D)     Samardzic failed to take reasonable evasive measures to avoid a collision; and/or

(E)     Samardzic failed to use the same care and/or caution that a reasonably prudent person would have used under the same or substantially similar circumstances.

6.      As a direct and proximate result of Samardzic's negligence, Samardzic crashed her vehicle into Helen's vehicle.

7.      As a direct and proximate result of the foregoing collision, Helen sustained severe and permanent personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, surgical, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, disfigurement,

20

disability, loss of normal life, lost time, wage loss, and/or loss of earning capacity, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, HELEN CHAPMAN, respectfully requests a judgment in his favor against Defendant, NANCY SAMARDZIC, the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### Count VIII – Robert Chapman - Samardzic

ROBERT CHAPMAN (hereinafter, "Robert"), by counsel KENNETH J. ALLEN LAW GROUP, LLC, for Count VIII of his Complaint against Defendant, NANCY SAMARDZIC (hereinafter, "Samardzic") alleges and states as follows:

1. At all times relevant herein, Samardzic was, and is, a resident of Chicago, Illinois.

2. On February 17, 2016, Samardzic was operating a 2015 Toyota Corolla westbound on Interstate 80 at Harlem Avenue, in Cook County, Illinois.

3. On February 17, 2016, Helen Chapman (hereinafter, "Helen") was operating a 2013 Honda Accord westbound on in Interstate 80 at Harlem Avenue in Cook County, Illinois.

4. On February 17, 2016, Samardzic owed Helen and others on the roadway, a duty to use reasonable care in the inspection, maintenance, repair, and operation of the vehicle she was operating so as to avoid causing injury and harm.

21

5.      On February 17, 2016, Samardzic breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

(A)     Samardzic failed to keep and maintain a proper lookout for others;

(B)     Samardzic failed to yield the right of way to Helen;

(C)     Samardzic operated her vehicle at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601(a);

(D)     Samardzic failed to decrease the speed of her vehicle when circumstances required she do so, in violation of 625 ILCS 5/11-601(a);

(E)     Samardzic failed to take reasonable evasive measures to avoid a collision; and/or

(F)     Samardzic failed to use the same care and/or caution that a reasonably prudent person would have used under the same or substantially similar circumstances.

6.      As a direct and proximate result of Samardzic's negligence, Samardzic crashed her vehicle into Helen's vehicle.

7.      As a direct and proximate result of the foregoing collision, Helen sustained severe and permanent personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, surgical, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, disfigurement, disability, loss of normal life, lost time, wage loss, and/or loss of earning capacity, and sustained other injuries and damages of a personal and pecuniary nature.

8.    At all times relevant herein, Robert was and is the husband of Helen, who was seriously injured as a proximate result of the crash.

9.    As a direct and proximate result of Samardzic's negligence and Helen's proximately resulting injuries, Robert has been deprived of a portion of his wife Helen's love, companionship, society, consortium, and/or services, which she had ably provided prior to February 17, 2016.

**WHEREFORE**, ROBERT CHAPMAN respectfully seeks the entry of judgment in his favor and against NANCY SAMARDZIC, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstance.

Respectfully submitted,
KENNETH J. ALLEN LAW GROUP, LLC
Attorneys for Plaintiffs

Bryan L. Bradley

## SCR 222 CERTIFICATION

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies on behalf of Plaintiffs that the total damages sought herein exceed $50,000.

Respectfully submitted,
KENNETH J. ALLEN LAW GROUP, LLC
Attorneys for Plaintiffs

Bryan L. Bradley

23

## JURY DEMAND

Plaintiffs demand trial by jury on all Counts of their Complaint at Law.

Respectfully submitted,

KENNETH J. ALLEN LAW GROUP, LLC
Attorneys for Plaintiffs

Bryan L. Bradley



*Refer to Office Indicated*

KENNETH J. **ALLEN** LAW GROUP

**INJURY ATTORNEYS**

www.kenallenlaw.com

☑ ALLEN LAW BUILDING:
1109 Glendale Boulevard
Valparaiso, IN 46383
219.465.6292

☐ JOLIET OFFICE:
1000 Essington Road
Joliet, IL 60435
815.725.6292

☐ MERRILLVILLE OFFICE:
3700 E. Lincoln Highway (U.S. 30)
Merrillville, IN 46410
219.736.6292

☐ TINLEY PARK OFFICE:
16335 S. Harlem Avenue
Tinley Park, IL 60477
708.460.6292

☐ INDIANAPOLIS OFFICE:
201 N. Illinois Street (South Tower)
Indianapolis, IN 46204
317.842.6926

☐ CHICAGO OFFICE:
150 N. Michigan Avenue
Chicago, IL 60606
312.236.6292